UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JAMES MARVIN REED,<br>      Plaintiff,<br>v.<br><br>JENNIFER CAROL REED,<br>      Defendant.<br>_____/ | Case No. 23-11105<br><br>Jonathan J.C. Grey<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## REPORT AND RECOMMENDATION TO DISMISS COMPLAINT

**I. Background**

  This report and recommendation addresses whether Plaintiff's claim is time barred. Plaintiff filed this lawsuit on May 10, 2023, alleging that Defendant, his daughter, harmed his reputation by publishing a false post on Facebook on June 7, 2018. The post stated that Plaintiff pleaded guilty to child sex tourism and was sentenced to 72 months in prison. (ECF No. 1, PageID.5). In her answer, Defendant pleaded the affirmative defense that the complaint was filed outside the one-year statute of limitations for libel claims. (ECF No. 10, PageID.38). She also pleaded that the complaint was not properly served because the complaint was mailed to her without signature required and no green card to return. (*Id.* at PageID.33).

After reviewing the complaint and answer, the Court issued an Order for Plaintiff to show cause why his complaint should not be dismissed for failure to properly serve the complaint and for filing a libel complaint outside the statute of limitations. (ECF No. 12). In that Order to Show Cause, the Court explained the rules for service of process and explained that libel has a one-year statute of limitations. In the complaint, Plaintiff alleged that the Facebook post was published on June 7, 2018, yet he did not file the complaint until May 2023. (*Id.* at PageID.75-76).

In his response to the Order to Show Cause, Plaintiff says it was impossible for him to learn of the post until after he was released from prison about 18 months after it was published. (ECF No. 15, PageID.102). He filed the complaint within one year of his release from prison. (*Id.*). He argued that the equitable tolling doctrine and the "discovery rule" apply here, extending the time to file the complaint, so his complaint was timely. (*Id.* at PageID.105). He also states that he substantially complied with the rules for service of process and Defendant was not prejudiced by his service of process efforts. (*Id.* at PageID.103).

Plaintiff filed an amended complaint as of right within 21 days of Defendant's answer. *See* Fed. R. Civ. P. 15(a)(1)(B). The material allegations are unchanged from the original complaint. (*Compare* ECF No. 1 *with* ECF No. 13). Defendant moved to dismiss the amended complaint. (ECF Nos. 19, 20). In his

response to the first motion to dismiss, relevant to the statute of limitations, Plaintiff stated that he learned of the post in December 2019 and sent a cease-and-desist letter to Defendant that was dated December 18, 2019.  (ECF No. 22, PageID.145).

The undersigned finds that Plaintiff's complaint is time barred.  In Michigan, "[t]he period of limitations is 1 year for an action charging libel or slander."  MCL § 600.5805(11); *see also Pompy v. Monroe Bank and Tr.*, 2020 WL 6298102, at *19 (E.D. Mich. Aug. 5, 2020) (claims of false light and defamation are subject to the one-year statute of limitations).  Plaintiff's May 2023 complaint was filed nearly five years after Defendant published the Facebook post.

Contrary to Plaintiff's assertion, the discovery rule does not apply.  "[T]he discovery rule is applied to prevent unjust results 'when a plaintiff would otherwise be denied a reasonable opportunity to bring suit because of the latent nature of the injury or the inability to discover the causal connection between the injury and the defendant's breach of duty owed to the plaintiff.'"  *In re Jackson Nat. Life Ins. Co. Premium Litigation*, 107 F. Supp. 2d 841, 857 (W.D.Mich.2000) (quoting *Lemmerman v. Fealk,* 534 N.W.2d 695, 698 (Mich. 1995)).  That said, for libel claims, "[t]he period of limitations runs from the time the claim accrues which in the case of libel is from the time of publication *even though the person defamed has no knowledge thereof until sometime afterwards*."  *Hawkins v. Justin*,

3

311 N.W.2d 465, 466 (Mich. Ct. App. 1981) (citations omitted) (emphasis added). The Michigan Court of Appeals recently affirmed that the common law discovery rule does not apply to the statute of limitations for defamation or libel cases. *See McCormick v. Richard*, 2014 WL 4628847, at *2 (Mich. Ct. App. Sept. 16, 2014) ("we cannot employ an 'extrastatutory discovery rule' to toll accrual in avoidance of the plain language of MCL 600.5827 which clearly mandates the accrual of a claim when "the wrong upon which the claim is based was done regardless of the time when damage results.") (citation omitted). The complaint is fairly read as alleging harm to Plaintiff's reputation the moment the post was published. Thus, the statute of limitations was not tolled until Plaintiff learned about the Facebook post.

Even if the discovery rule applied, however, the complaint would still be time barred. Plaintiff alleges that he learned about the post in December 2019, yet he did not file the complaint until May 2023. If the statute of limitations began to run when he learned of the post, his complaint would have been due in December 2020.

Plaintiff appears to rely on his incarceration as an excuse for why he could not file his complaint until after he was released in May 2022. But incarceration does not toll the statute of limitations; incarceration is no longer a basis for tolling under Michigan Law. *See Ziegler v. State of Michigan*, 2000 WL 1434496, at *2

(6th Cir. 2000); *Reed v. Correct Care Sol'n*, 2023 WL 3168658, at *2 (E.D. Mich. Apr. 28, 2023); Mich. Comp. Laws § 600.5851(10).  The one-year grace period in § 600.5851(10) applies to causes of action that accrued before April 1, 1994, the effective date of the statute, and thus does not apply to Plaintiff's action.  *Ziegler*, 2000 WL 1434496, at *2.

Because Plaintiff did not file his lawsuit within one year of Defendant's Facebook post, his action is time-barred and should be dismissed with prejudice.

In light of this recommendation, the undersigned recommends that all pending motions be terminated as moot.  It bears noting that many of the motions were filed by Defendant challenging Plaintiff's service of his response to the Order to Show Cause (*see* ECF Nos. 19, 20, 28).  One of her motions seeks sanctions for Rule 11 violations in the amended complaint for including facts that are inconsistent with the truth.  (ECF No. 28).  Her most recent motion argues that Plaintiff mails her documents that are either not filed or are different from documents filed on the docket.  (ECF No. 31).  Plaintiff filed a motion to strike Defendant's reply to her motion to dismiss (ECF No. 29) and Defendant's response to the Order to Show Cause (ECF No. 27).  These motions have no impact on the recommendation to dismiss the case for being filed beyond the statute of limitations.

**II.      Recommendation**

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED** and that all pending motions be **TERMINATED AS MOOT**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 31, 2024.                    s/Curtis Ivy, Jr.
                                            Curtis Ivy, Jr.
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 31, 2024.

                                            s/Sara Krause
                                            Case Manager
                                            (810) 341-7850