UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

James Marvin Reed,

    Plaintiff,

v.

    Civil Action No. 23-11105
    Honorable Jonathan J.C. Grey
    Magistrate Judge Curtis Ivy, Jr.

Jennifer Carol Reed,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS (ECF No. 40)

On May 10, 2023, James Marvin Reed filed this claim for libel against Jennifer Carol Reed. (ECF No. 1.) On January 31, 2024, United States Magistrate Judge Curtis Ivy, Jr. issued a report and recommendation to dismiss the complaint and terminate all remaining motions as moot. On February 1, 2024, defendant timely filed a partial objection to the report and recommendation. (ECF No. 42.) On February 20, 2024, plaintiff untimely filed an objection to the report and recommendation. (ECF No. 44.)

The Court **OVERRULES** plaintiff's and defendant's objections and **ADOPTS** Judge Ivy's report and recommendation.

## I. Introduction

Plaintiff filed this claim against defendant, who is plaintiff's daughter, claiming that defendant harmed his reputation by posting a false statement on Facebook on June 7, 2018. Defendant filed an answer claiming that the complaint was filed outside the one-year statute of limitation for libel claims.

Judge Ivy issued an order to show cause why this case was not time-barred by the statute of limitations because the alleged libel occurred in June 2018 and the complaint was filed in May 2023. In response, the plaintiff claimed that the claim did not accrue until he learned of the statement. He further claimed that he could not learn of the statement while he was incarcerated. Plaintiff then claimed that he filed his complaint within one year of his release from prison, which he claims made his filing timely. He also claimed, in the alternative, that the statute should be equitably tolled.

## II. Standards

A party may object to any specified portion, proposed findings, or recommendation in the magistrate judge's report. 28 U.S.C. § 636(b)(1). For any specific objection, the district judge is to make a de novo

determination of the issue. *Id.* The district judge may accept, reject, or modify, in whole or in part, any findings or recommendations. *Id.*

When no objection is made to portions of a report and recommendation, the district judge may sua sponte review those portions, *Thomas v. Arn*, 474 U.S 140, 154 (1985); however, there is no obligation to independently review unobjected portions. *Hall v. Chapman*, 627 F. Supp. 3d 804, 806 (E.D. Mich. 2022) (citing *Thomas* 474 U.S. at 149–52). Under sua sponte review, with no objection, the district judge may use a "de novo or any other standard." *Thomas*, 474 U.S. at 154.

### III. Analysis

#### A. Defendant's First Objection

Defendant objects to the recommendation that her motion for sanctions be terminated as moot. (ECF No. 42.) Defendant seeks sanctions for violation of Federal Rule of Civil Procedure 11 on various theories. However, Courts are to restrain from imposing sanctions unless necessary. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Sanctions are a matter of discretion. *See id.*

The Court agrees with the recommendation to terminate the outstanding motions (ECF Nos. 19, 20, 25, 27, 28, 29, and 31), including defendant's motion for sanctions (ECF No. 28). The Court sees no exemplary reason or extraordinary conduct by plaintiff that requires retaining this case after it is dismissed for the purpose of considering sanctions. The Court **OVERRULES** the defendant's objection and **DENIES** the motion for sanctions and all outstanding motions.

**B. Plaintiff's First Objection**

Judge Ivy issued his report and recommendation on January 31, 2024. Plaintiff's objections were filed on February 20, 2024, which was after the 14-day time limit under Federal Rule of Civil Procedure 72. Judge Ivy's report and recommendation explicitly mentioned the 14-day time limit. (ECF No. 40, PageID.512.) Because plaintiff failed to file his objection within 14 days, his objections are waived. However, given his pro se status, the Court will consider the objections anyway.

Plaintiff first objects to Judge Ivy's holding that, based on Michigan law, the claim accrues at the time of publication, not upon the time of discovery. Michigan law is clear, the "period of limitations runs from the time the claim accrues which in the case of libel is from the time of

4

publication even though the person defamed has no knowledge thereof until sometime afterwards." *Hawkins v. Justin*, 311 N.W.2d 465, 466 (1981) (citing Mich. Comp. Laws 600.5827).

Plaintiff argues that case does not comport with his constitutional rights. He claims that a statute of limitations of this kind would violate: his First Amendment rights to freedom of speech and right to petition; his Fifth and Fourteenth Amendment rights to due process; his Fourteenth Amendment right to equal protection; and his unenumerated right of access to the courts.

That argument lacks merit. Statutes of limitation are commonly used in many modern statutory claims, and plaintiff must show that the legislation at issue is unconstitutional to succeed. Plaintiff provides no legal authority, including caselaw, statutes, constitutional provisions, that would support that assertion. The Court **OVERRULES** plaintiff's first objection.

### C. Plaintiff's Second and Fourth Objection

Plaintiff objects to Judge Ivy's interpretation of plaintiff's statements made in various filings. Plaintiff implies that Judge Ivy misunderstood plaintiff's statements. However, plaintiff provides no

argument that these alleged misunderstandings, to the extent there are any, are material to his claim or to the recommendation to dismiss. The Court **OVERRULES** plaintiff's second and fourth objections.

### D. Plaintiff's Third Objection

Plaintiff objects to Judge Ivy's citations to and reliance on "old" cases and rules, cases that he claims do not account for modern realities, namely, the COVID-19 pandemic. However, courts rely on "old" cases and laws when deciding issues regularly. Plaintiff cites to no authority that "old" laws are invalid. The Court **OVERRULES** plaintiff's third objection.

### E. Plaintiff's Fifth Objection

Plaintiff argues that the severe hurdles imposed on him by the COVID-19 pandemic and incarceration denied him a right to redress his alleged harm until he was released. While not explicitly stated, this is an argument for equitable tolling. Michigan law governs the application of equitable tolling here. *See McClure v. City of Detroit*, No. 11-12035 2015 WL 224744, at *4 (E.D. Mich. 2015) (collecting cases applying state tolling principles to federal statutory claims).

6

In Michigan, a party may only invoke equitable estoppel based on fraud or mutual mistake; intentional or negligent conduct by the defendant, which is intended to keep a plaintiff from timely filing an action; or defendant inducing plaintiff to believe the limitations period would not be enforced. *Doe v Racette*, 880 N.W.2d 332, 334–35 (Mich. Ct. App. 2015) (citations omitted). Michigan courts are hesitant to apply equitable estoppel because the court's equitable powers should rarely be used to override legislative policy. *Devillers v. Auto Club Ins. Ass'n*, 702 N.W.2d 539, 587–90 (Mich. 2005).

None of the exceptions under Michigan law allowing for equitable tolling apply to this case. There is no claim of fraud or mistake or of defendant's intentional or negligent conduct to induce plaintiff to untimely file his claim. Plaintiff claims that he was unaware of the publication and could not have been made aware of it due to his incarceration, making timely compliance with the statute impossible. While that may be true, under Michigan law, those circumstances do not give rise to equitable tolling. The Court **OVERRULES** the plaintiff's fifth objection.

### F. Report and Recommendation

After reviewing the unobjected portions of the report and recommendation, the Court finds that it is well-reasoned and supported by the applicable law. As such, the Court **ADOPTS** the report and recommendation.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the report and recommendation. The case is **DISMISSED** and the outstanding motions are **DENIED.** (ECF Nos. 19, 20, 25, 27, 28, 29, 31.)

    **SO ORDERED.**

Date: August 26, 2024

s/Jonathan J.C. Grey
Hon. Jonathan J.C. Grey
United States District Judge

<u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 26, 2024.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager